09-1784-cv
Schwartzman v. Harlap

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 18th day of May, two thousand ten.

PRESENT:
RALPH K. WINTER,
JOSEPH M. McLAUGHLIN,
DEBRA ANN LIVINGSTON,
*Circuit Judges.*

_____

Betzalel Schwartzman,

*Petitioner-Appellee,*

v.                                        09-1784-cv

Yaakov Harlap, also known as Jacob Charlap,

*Respondent-Appellant.*

_____

FOR PETITIONER-APPELLEE:        Avi M. Peison, Brooklyn, New York.

FOR RESPONDENT-APPELLANT:        Jacob Harlap, *pro se*, Flushing, New York.

Appeal from a judgment of the United States District Court

for the Eastern District of New York (Cogan, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED** in part and **VACATED** and **REMANDED** in part.[1]

Appellant Jacob Harlap, proceeding *pro se*, appeals both the district court's judgment confirming an arbitration award issued in Israel and the denial of his motion to vacate that award. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

This Court reviews a district court's decision to confirm an arbitration award *de novo* to the extent it turns on legal questions and for clear error with respect to any findings of fact. *See Zeiler v. Deitsch*, 500 F.3d 157, 164 (2d Cir. 2007). The Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention"), as implemented at 9 U.S.C. § 201 *et seq.*, authorizes United States courts to recognize and enforce non-domestic arbitration awards. *See* 9 U.S.C. § 203 (granting original jurisdiction to district courts over proceedings arising under the Convention); 9 U.S.C. § 207 (providing for confirmation of awards). The district court is required to "confirm [such an] award unless it finds one of the

---

[1] We also deny Schwartzman's request that Harlap be required to post a bond pursuant to Federal Rule of Appellate Procedure 7, and note that such a bond must be sought from the district court in the first instance.

grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention." 9 U.S.C. § 207.

Article V of the Convention provides seven exclusive grounds upon which courts may refuse to recognize an award. *See Encyclopaedia Universalis S.A. v. Encyclopaedia Britannica, Inc.*, 403 F.3d 85, 90 (2d Cir. 2005) (citing Convention on the Recognition and Enforcement of Foreign Arbitral Awards, June 10, 1958, 21 U.S.T. 2517, at Art. V). One of the enumerated grounds allows non-recognition if "recognition or enforcement of the award would be contrary to public policy of [the country where recognition or enforcement is sought]." Convention, 21 U.S.T. 2517, at Art. V(2)(b). As neither party challenges it, we assume without deciding that the district court correctly presumed that "[i]t is a fundamental aspect of United States[] policy concerning arbitration that arbitrators must disclose material relationships with the parties that could impact their impartiality." *Schwartzman v. Harlap*, No. 08 Civ. 4990, 2009 WL 1009856 (E.D.N.Y. Apr. 13, 2009) at *2 (citing *Commonwealth Coatings Corp. v. Cont'l Cas. Co.*, 393 U.S. 145 (1968)).

This Court has "viewed the teaching of *Commonwealth Coatings* pragmatically, employing a case-by-case approach in preference to dogmatic rigidity," and has "not been quick to set aside the results of an arbitration because of an arbitrator's alleged failure to disclose information." *Matter of Andros Compania*

3

*Maritima, S.A.*, 579 F.2d 691, 700 (2d Cir. 1978). Arbitrators have an obligation to "disclose dealings of which the parties cannot reasonably be expected to be aware," *id.* at 700 (quoting *Cook Indus., Inc. v. C. Itoh & Co. (Am.)*, 449 F.2d 106, 108 (2d Cir. 1971)) (internal quotation marks omitted), but a party cannot avoid recognition of an award based on its discovery of a non-disclosed relationship where the party "could have made such a review just as easily before or during the arbitration rather than after it lost its case." *Id*. at 702. Here, the district court did not clearly err in concluding that Harlap should have known that Rabbi Stern could be employed by Schwartzman to certify the orchards at the time he entered the sales contract in 2005, since this was specified in one of the terms of that contract. As the district court concluded, moreover, it was Harlap's knowledge of the potential conflict of interest, not whether it had actually materialized, that is significant. At the time the parties agreed to arbitrate before Rabbi Stern in September 2006, Harlap knew that Schwartzman could hire Rabbi Stern and, thus, he had the information he needed to investigate their relationship before or during the arbitration proceedings and could have easily done so, rather than waiting until after he lost his case. *See id*. at 702. Accordingly, we affirm the district court's confirmation of the award.

Harlap argues that Schwartzman mistranslated the arbitration

4

award and that the award should be paid directly to the arbitration court to pay Schwartzman's judgment creditors. With respect to mistranslation, we note that Harlap raises the issue for the first time on appeal, and that the well-established general rule is that a court of appeals will not consider an issue raised for the first time on appeal. *See Virgilio v. City of New York*, 407 F.3d 105, 116 (2d Cir. 2005). However, Harlap raised a form of this argument during the district court proceedings when he argued that Schwartzman fraudulently obtained an Israeli court judgment requiring direct payment of the $66,000 to Schwartzman despite Rabbi Stern's requirement that the payment be made to the arbitration court.

Although there is no support in the record for Harlap's claim that the Israeli court's judgment requires direct payment to Schwartzman of anything other than an attorneys' fee award, Harlap's argument does identify a potential error: the district court's judgment, unlike the arbitration award and the Israeli court judgment, appears to require Harlap to pay Schwartzman directly. Because there is nothing in the record indicating that the district court considered this issue, we vacate the judgment insofar as it requires direct payment to Schwartzman, and remand to the district court for further proceedings to consider whether such direct payment is appropriate in light of the arbitration award's direction that payment be made "only into the hands of

5

the court secretary."

Finally, we deny Schwartzman's request for attorneys' fees. Federal Rule of Appellate Procedure 38 provides that sanctions may be imposed "when one party proceeds with an argument 'totally lacking in merit, framed with no relevant supporting law, conclusory in nature, and utterly unsupported by the evidence.'" *T.Co Metals, LLC v. Dempsey Pipe & Supply, Inc.*, 592 F.3d 329, 341 (2d Cir. 2010) (quoting *In re Drexel Burnham Lambert Group Inc.*, 995 F.2d 1138, 1147 (2d Cir. 1993)) (internal quotation mark omitted). Here, although Harlap's arguments in support of non-recognition of the arbitration award fail on the merits, the issue was not so clear cut as to prevent Harlap "from making a colorable argument to the contrary." *Id*. at 342.

We have considered Harlap's remaining arguments and find them to be without merit. Accordingly, the judgment of the district court is **VACATED** insofar as it requires direct payment to Schwartzman, and we **REMAND** to the district court to conduct further proceedings in accordance with this decision.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk